UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN RICHARDSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BACA, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00564-MMD-CBC<br><br>ORDER |

This is a habeas proceeding under 28 U.S.C. § 2241 that was transferred to this Court by the United States District Court for the Southern District of New York. (ECF No. 2.)

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague,

///

conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.

The Petition in this case does not provide a narrative description of Petitioner's claims, only an incomprehensible assemblage of random words, phrases, and sentence fragments. For example, Petitioner states as Ground One: "Illegal Restraint – Kidnapping – Hostage – Abduction – Domestic and International Terrorism." (ECF No. 1 at 4.) And, the "supporting facts" for Ground One consist, for the most part, of an incoherent list of words and phrases that defy rational understanding. (*Id.*) The remaining three grounds and supporting facts are similarly indecipherable. (*Id.* at 4-7.)

Under the circumstances, the Court concludes that the Petition falls well short of the minimal pleading requirements necessary to sustain a habeas action under § 2241. In addition, it does not appear that a tenable claim for relief could be pleaded if Petitioner were to be granted leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

It is therefore ordered the petition for writ of habeas corpus (ECF No. 1) is dismissed without leave to amend. The Clerk is instructed to enter judgment accordingly.

It is further ordered that the Court declines to issue a certificate of appealability.

It is further ordered that the Clerk serve a copy of the Petition and this order on Respondents via the Nevada Attorney General.

DATED THIS 1st day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2